JOHN E. THAYER *vs.* LE BARON PUTNAM.

P. gave a promissory note to T., and also indorsed to T., as collateral security, a third person's draft, for which T. gave a receipt, stating that he was to sell or collect the draft, and indorse the proceeds on P.'s note: P. afterwards gave his written consent that T. might give up the draft for a certain sum; and T. gave it up for a less sum: T. brought a suit on P.'s note, and P. claimed the right to deduct therefrom the full amount of the draft, on the ground that T. had no authority to give up the draft, for the sum which he received for it, and that if it had been returned to P., he might have been able to collect it in full: T. thereupon, by leave of the court, indorsed on the note the sum for which P. had consented that T. should give up the draft. *Held,* that by P.'s indorsement of the draft, T. became the legal owner of it, with authority to compromise it as he pleased; that he was liable to P. only for a reasonable accounting; that P., after consenting that T. might give up the draft for a certain sum, could not hold T. to account for a larger sum; and that T. was entitled to judgment for the balance due on the note, after deducting the sum which T. had indorsed thereon.

ASSUMPSIT on this note: " Boston, November 19, 1830. Value received, I promise to pay John Eliot Thayer, or order,

three thousand two hundred and thirty six dollars and fifty four cents, on demand, with interest.     Le Baron Putnam.

Witness: Thomas C. Healy."

At the trial in the court of common pleas, before *Merrick,* J. the following facts appeared in evidence :

Certain collateral security was given to secure the payment of the note in suit, for which the following receipt was given by the plaintiff: " Boston November 19, 1830.   I hold, as collateral security for the payment of Le Baron Putnam's note of this day, payable on demand, with interest, for three thousand two hundred and thirty six dollars and fifty four cents, the following: John Clark and Charles Bradley's certificate, as assignees of L. Putnam, dated February 11, 1829, for nineteen hundred and twenty three dollars and twenty two cents, payable on certain conditions.   Also Braman and Benedict's draft on Walter, Putnam and Torrey, dated December 27, 1828, at four months date, for two thousand dollars, which was protested for non-acceptance February 1829, which is indorsed Perez B. Wolcott.   Also Spring and Whidden's note, dated October 28, 1828, payable in eight months, for three hundred and ninety five dollars and sixty one cents. Also Spring and Whidden's note, October 28, 1828, payable in seven months, for four hundred and thirty seven dollars and forty cents.   I am to sell or collect the above, and indorse the proceeds on his note due me.

Jno. Eliot Thayer."

Afterwards, the writing which follows was given by the defendant to the plaintiff: " Mr. John E. Thayer.   Sir, I hereby give you the right to compromise with Spring and· Whidden for the notes of theirs you hold as collateral, for fifty cents on the dollar ; and also to take five hundred dollars for the draft of Braman and Benedict for two thousand dollars.

Le Baron Putnam."

The plaintiff on the 8th of April 1831, recovered four hundred and twenty five dollars for the notes of Spring and Whidden; and on the 24th of April 1832, four hundred dollars for the draft of Braman and Benedict.

The plaintiff tendered in court, to the defendant, the certificate for a dividend from his estate, on a claim for one thousand nine hundred and twenty three dollars and twenty two cents, which was signed by his assignees; nothing having been received thereon.

The defendant waived all ground of defence, except the fact that the plaintiff took four hundred dollars for Braman and Benedict's draft.

The plaintiff then, with the consent of the judge, indorsed upon the note in suit four hundred and twenty five dollars, as received on the 8th of April 1831, and five hundred dollars, as received on the 24th of April 1832, and claimed judgment on the note so indorsed. A statement of facts was then prepared, containing the evidence herein before set forth, for the ruling of the judge thereon; and he entered judgment for the plaintiff for the amount of the note declared on and interest, deducting the sums indorsed. From that judgment the defendant appealed to this court.

*B. Sumner,* for the defendant. The court should allow to the defendant the full amount of Braman and Benedict's draft, instead of the indorsement of five hundred dollars therefor, which the plaintiff made, though he gave it up on receiving four hundred dollars. He had no authority to give up the draft without receiving five hundred dollars. If he had returned it to the defendant, the defendant might have recovered its full amount. *Snow* v. *Perry,* 9 Pick. 542. A principal is not bound by the acts of an agent who exceeds the authority intrusted to him. Story on Agency, § 126.

*S. E. Guild,* for the plaintiff. The agreed facts show that the plaintiff was the legal owner of the draft, and that he was to apply it towards payment of the defendant's note. He was not the special agent of the defendant, and was merely liable to render to him a proper account. The defendant cannot call upon him to account for more than five hundred dollars; because he consented that the plaintiff might compromise with Braman and Benedict for that sum. See *Porter* v. *Blood,* 5 Pick. 54.

SHAW, C. J. It was admitted in the argument, and perhaps it sufficiently appeared in the statement of facts, that the draft of Braman and Benedict was a negotiable security, indorsed to the plaintiff; and his receipt shows the purpose for which it was indorsed, to wit, to sell or collect it, and apply the proceeds to the payment of the note in suit. The legal property was in the plaintiff as indorsee, he being liable only to a reasonable account. He was not a mere agent. He did not derive his authority to compromise from the paper subsequently given to him by the defendant, giving the plaintiff a right to compromise, and take five hundred dollars for the draft. He had that authority by the indorsement. But this paper was a declaration, by the defendant, that so far as he was concerned, he was content that the plaintiff should relinquish it for five hundred dollars, and that the plaintiff's accounting to him for that sum, on his note, would be deemed a reasonable account. If the plaintiff accounted for that sum, towards payment of the note, it was all he was bound to do; and his giving credit for four hundred dollars only, in the first instance, can make no difference.

The case of *Snow* v. *Perry*, 9 Pick. 542, cited by the defendant's counsel, was that of a strictly limited authority, and is not applicable to the present case.

*Judgment affirmed.*